17917

Will BARNHILL, Respondent, v. BANKERS FIRE AND MARINE INSURANCE COMPANY, Appellant

(125 S. E. (2d) 889)

*Messrs. Burroughs & Green,* of Conway, *for Appellant,*

*H. T. Abbott, Esq.,* of Conway, *for Respondent,*

May 21, 1962.

LEWIS, Justice.

This is an action to recover for loss of a tenant occupied dwelling house, destroyed by fire, which was insured under a policy of insurance issued by the defendant insurance company to the plaintiff. The basic issue concerns the amount of coverage afforded under the policy and this involves the identity of the buildings listed therein. The plaintiff contends that the building in question was insured for $8,000.00. The defendant contends on the other hand that it was insured for only $500.00 and tendered to the plaintiff that amount, which was refused. Upon the trial of the case, motions of the defendant for a nonsuit and directed verdict in its favor were refused by the trial court and all issues submitted to a jury for determination, resulting in a verdict for the plaintiff in the amount of $8,000.00. The defendant has appealed from the judgment so entered.

While other issues are presented and argued, including the right of defendant to have the policy in question reformed to show the true intent of the parties, the only question which we find it necessary to decide arises under defendant's exception that the lower court erred in refusing its motion for a directed verdict on the ground that the only reasonable inference to be drawn from all of the testimony was that the building in question was insured for only $500.00 and not for $8,000.00, as contended by the plaintiff and found by the verdict of the jury. While the defendant's motion in this particular was, in form, one for a directed verdict in its favor, in substance it was for judgment for the plaintiff in the amount of $500.00, under its construction of the policy coverage, and will be so considered.

It is well settled that, in determining whether the trial judge erred in refusing to direct a verdict for the defendant, we are required to consider the testimony and the reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff, and if more than one reasonable conclusion can be drawn or if the inferences to be drawn from the testimony are in doubt, the case should be submitted to the jury, but if the only reasonable inference to be drawn is that the plaintiff has failed to prove his case, it then becomes the duty of the court to order a nonsuit or direct a verdict against the plaintiff. *Owens v. S. C. State Highway Department,* 239 S. C. 44, 121 S. E. (2d) 240.

We think that the evidence conclusively shows that the building destroyed by fire was insured under the foregoing policy of insurance for only $500.00 and that the lower court erred in refusing the defendant's motion.

Plaintiff owned a 36.3 acre tract of land upon which he resided. He desired to buy an adjoining tract of 108.5 acres and applied to Prudential Life Insurance Company for a loan with which to purchase the adjoining tract. After an appraisal of the property, Prudential agreed to make the necessary loan, but required as security a mortgage over

both tracts of land and fire insurance coverage on certain of the buildings. A letter agreeing to make the loan was written by Prudential to the plaintiff, in which there was set forth a list of the buildings on which insurance was required with the minimum insurance requirements on each. Both the plaintiff and Prudential knew that some of the buildings, upon which insurance was required, were located on the 36.3 acre tract on which plaintiff lived and some on the 108.5 acre tract being purchased, and the tracts were treated as one farm in the foregoing letter, the buildings being designated as located on a 143.8 acre farm (referred to in the record as 143.8, but actually 144.8 acres). The residence in which plaintiff resided was located on the tract which he owned of 36.3 acres, upon which he had an existing policy of fire insurance of $10,000.00 with Aetna Casualty & Surety Company, and Prudential knew of the existence of such policy. There was located on the additional tract of 108.5 acres a 7 room dwelling. Both of the foregoing dwellings were included among the buildings upon which Prudential required fire insurance to be maintained. The letter from Prudential listed the "minimum requirements" for fire insurance on the buildings on the 143.8 acre tract as follows: *"Main dwelling, 7 rooms, composition, frame— $8,000.00;* Pack House, 30 x 30, wood, frame—$500.00; *Tenant House, 7 rooms, composition, frame—$500.00;* Pack House, 30 x 40, wood, frame—$500.00; Pack House, 2 story, 24 x 30, metal, frame—$500.00." (Emphasis added.)

Upon receipt of the above letter, the plaintiff testified that he carried it to the agent of the defendant and requested that a policy be issued for insurance on his buildings in accordance with the letter from Prudential. The policy of insurance was issued in accordance therewith, except as to the acreage in the farm which was incorrectly entered as 103 acres (later amended to show 108.5 acres), instead of 143.8 acres as shown in the letter. The insured buildings, the amount of coverage and their location were listed in the policy as follows: *"$8,000.00 on one story, frame, composition roof*

*main dwelling occupied by owner;* $500.00 on 30 x 30, wood, frame pack barn, situated 300 feet N of main dwelling; $500.00 on 30 x 40, wood, frame, pack barn, situated 300 feet N of main dwelling; $500.00 on 2 story, 24 x 30, metal, frame pack barn, situated 800 feet S of main dwelling; *$500.00 on 7 room, comp. frame, tenant dwelling, situated 1200 feet N of main dwelling."* (Emphasis added.) It is undisputed that the directions and distances shown in the policy are incorrect under either plaintiff's or defendant's construction of the policy. Plaintiff testified that defendant's agent copied the information from the Prudential letter and only asked him the distances between the buildings and their location with reference to the main dwelling. He said that he was in the agent's office only about ten or fifteen minutes, that he did not misrepresent anything to the agent, and that "he (the agent) didn't ask me anything, he just looked at the paper (letter) and wrote it off like they (Prudential) had wrote it off their self." On cross examination the plaintiff testified that the only insurance that he was trying to procure through the agent of the defendant was that specified in the Prudential letter. The agent of the defendant did not inspect the property before issuing the policy and was not familiar with the buildings, relying upon the information given to him by the plaintiff. The agent of the defendant testified that he did not recall the letter from Prudential having been shown to him by the plaintiff, but both agree that the information upon which the policy was issued was furnished by the plaintiff.

The main controversy between the parties arises over the identity of the building referred to in the policy as the "main dwelling, occupied by the owner." The plaintiff contends that, since the acreage in the farm on which the buildings were located was shown in the policy as 108.5 acres and the building which burned was the main dwelling on that tract, the amount of insurance coverage under the policy was $8,000.00. On the other hand, the defendant contends that the building which burned was that designated in the policy

as a "7 room, * * *, tenant dwelling" and was only insured for $500.00.

The record shows conclusively that the Prudential letter which, according to plaintiff, constituted the only representation made by him in making application for the policy in question, required a minimum of $8,000.00 insurance on the main dwelling on a 143.8 acre tract, which was not the dwelling that burned but the residence in which plaintiff resided. Plaintiff does not claim ignorance of the policy provisions for he testified that he knew that the main dwelling referred to in the policy was designated as "occupied by the owner." The plaintiff testified that he was told by the appraiser for the Prudential that insurance in the amount of $8,000.00 on the dwelling located on the 108.5 acre tract was required and that he so intended, but no such information was communicated to the agent of the defendant, and plaintiff specifically testified that he applied for insurance coverage in accordance with the aforementioned letter from Prudential. There was only one building located on plaintiff's property "occupied by the owner" and that building was not destroyed by fire. There was only one "7 room, * * *, tenant dwelling" and that was the one destroyed by fire and occupied at the time by a tenant, never by the plaintiff-owner. While the policy refers to the acreage in the farm as 108.5 acres, this is patently an error under all of the testimony, as it is conceded that some of the buildings insured were located on the 36.3 acre tract and some on the 108.5 acre parcel.

If we assume that the insurance coverage under the policy applied only to the buildings located on the 108.5 acre tract being purchased by the plaintiff, he is in no better position. Under the record before us it is clear that the building which was destroyed by fire was the "7 room, * * *, tenant dwelling" listed in the policy. The building in question was admittedly a 7 room tenant dwelling located on the 108.5 acre tract, occupied as such and so designated in the policy. There

was no other 7 room dwelling located on the 108.5 acre tract, certainly none "occupied by the owner."

The acreage in the farm is not the subject of the insurance, but the buildings located thereon. The acreage relates solely to the location of the insured property and any misstatement of the acreage in the farm on which the buildings were located was immaterial in this case, since the location and identity of the insured buildings could be clearly ascertained from the other language used in the policy in the light of the attendant circumstances. The record conclusively shows that the building in question was insured for only $500.00 and that recovery by the plaintiff should have been so limited.

The judgment of the lower court is accordingly modified, with leave to enter judgment against the defendant in the sum of $500.00.

Affirmed as modified.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.